IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOAQUIN D. VARGAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIV-13-159-F |
| | ) | |
| JUSTIN JONES, Director DOC; | ) | |
| JAMES RUDEK, Warden; H.A. | ) | |
| RIOS, JR., Warden; MS. DANLEY, | ) | |
| Health Services Administrator, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a state inmate appearing pro se, initiated this action under 42 U.S.C. § 1983 against Oklahoma Department of Corrections director Justin Jones and three officials at the Oklahoma State Reformatory and the Lawton Correctional Facility. Doc. 1, at 1-3.[1] United States District Court Judge Stephen P. Friot referred this matter for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B), (C), and it is now before the undersigned Magistrate Judge. Based on Plaintiff's failure to serve any named Defendants, the undersigned recommends the complaint be dismissed without prejudice.

## I.  Background.

On April 3, 2013, Plaintiff was granted permission to proceed with service

---

[1] Page citations to the complaint are in sequential order and reflect this court's CMECF pagination.

of process in this matter, Doc. 10, and, to that end, the court clerk mailed Plaintiff the necessary service papers. Shortly thereafter, Plaintiff sought an extension of time to effect service of process and an order holding the case in abeyance pending a possible resolution of the lawsuit. Docs. 11, 12. In response, the undersigned extended the service deadline, requiring Plaintiff to prove service on or before August 15, 2013 and advising him that failing to do so could result in dismissal of the action. Doc. 13.

On June 21, 2013, Plaintiff sought leave to amend his complaint, a request the undersigned ordered stricken because Plaintiff had not yet served the named Defendants and, consequently, was entitled to amend his complaint as a matter of course. Doc. 16. The undersigned directed Plaintiff to include a copy of the order with the required papers when serving each Defendant. *Id.*

Thereafter, the docket sheet reflects that the court clerk returned service forms to Plaintiff for completion on both July 11, 2013 and July 23, 2013. Nonetheless, the August 15, 2013 deadline passed without Plaintiff filing proof of service or requesting an extension of time to do so. Consequently, the undersigned ordered Plaintiff to show cause why his complaint should not be dismissed without prejudice for failure to serve the Defendants as required by Fed. R. Civ. P. 4(m), specifically cautioning Plaintiff that his failure to respond could result in dismissal of his action. Doc. 19. Plaintiff did not respond either

by the September 9, 2013 deadline or prior to the filing of this report.

**II.   Analysis.**

Although he is proceeding pro se, Plaintiff is responsible for serving each Defendant with a summons and a copy of the complaint. *See* Fed. R. Civ. P. 4(c)(1); *see also DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993) (holding that even when a litigant appears pro se, he is "obligated to follow the requirements of Fed. R. Civ. P. 4"). As noted above, Plaintiff failed to do so. Plaintiff then failed to respond to this Court's show cause order and, thus, made no attempt to demonstrate good cause for his failure to timely serve the Defendants and thereby obtain an extension of time for service. Fed. R. Civ. P. 4(m). Despite such failure, however, "the district court must still consider whether a permissive extension of time may be warranted." *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).

The first factor the court considers is whether the statute of limitations would bar the action if refiled. *See id.* at 842. The Defendants' earliest alleged liability stems from the denial of medical treatment after a March 2012 altercation during which Plaintiff's finger was broken. *See* Doc. 1, at 2. Plaintiff has a two-year limitations period – or until March 2014 – in which to file the action. *See McCarty v. Gilchrist*, 646 F.3d 1281, 1289 (10th Cir. 2011); *see also Braxton v. Zavaras*, 614 F.3d 1156, 1159 (10th Cir. 2010) ("In a § 1983 action,

3

state law governs issues regarding the statute of limitations and tolling . . . ."). Thus, this factor weighs against a permissive extension of time for service.

The second factor the court considers is whether Plaintiff has unsuccessfully attempted to serve the United States. *See Espinoza*, 52 F.3d at 842. This factor is inapplicable here.

Third, as to pro se litigants, "[t]he district court should also take care to protect *pro se* plaintiffs from consequences of confusion or delay attending the resolution of an *in forma pauperis* petition." *Id*. at 842 n.8 (quotation omitted). There does not appear to be any policy consideration that would justify granting Plaintiff a permissive extension of time to serve in this case.

Considering the applicable law and the facts of this case, a permissive extension of time for service of process is not warranted, and the undersigned so recommends. As Plaintiff failed to serve the Defendants within the allotted 120 days or to show good cause for that failure, absent a permissive extension of time, the court "must dismiss the action without prejudice against th[ose] defendant[s]." Fed. R. Civ. P. 4(m).

**III.** Recommendation and notice of right to object.

For the reasons set forth above, the undersigned Magistrate Judge recommends that Plaintiff's complaint, Doc. 1, be dismissed without prejudice against the above-named Defendants for failure to serve any Defendant within

4

the 120-day period prescribed by Fed. R. Civ. P. 4(m), as extended by order, Doc. 13, of April 17, 2013. Because no Defendant has been served, the undersigned effectively recommends the dismissal, without prejudice, of Plaintiff's complaint.

Plaintiff is advised of his right to file an objection to the Report and Recommendation with the Clerk of this Court by the 14th day of October, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Plaintiff is further advised that failure to make a timely objection to the Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation terminates the referral in the above captioned action.

ENTERED this 24th day of September, 2013.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE